UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

DANNY RALPH TROUTMAN #400773   )
                               )
v.                             )     NO. 2:07-CV-268
                               )     *Greer/Inman*
DR. DAN PAUL, TINA ADKINSON,   )
and MARGIE MCINTOSH            )

## MEMORANDUM and ORDER

While he was a prisoner in the Carter County Detention Center (CCDC) in Elizabethton, Tennessee, Danny Ralph Troutman filed this *pro se* civil rights complaint for injunctive relief under 42 U.S.C. § 1983. Defendants are Dr. Paul, a physician at the CCDC, and two other individuals—Tina Adkinson and Margie McIntosh, whose roles in this lawsuit have not been explained.

Plaintiff is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). The custodian of plaintiff's inmate trust account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial partial payment, twenty percent (20%) of the greater of either the average monthly deposits to the inmate trust account or the average monthly balance in the account, for the six (6) months immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1).

After full payment of the initial partial filing fee, the custodian shall

submit twenty percent (20%) of plaintiff's preceding monthly income credited to the account, but only when the amount in the account exceeds ten dollars ($10), until the full $350 fee has been paid to the Clerk of Court.[1]  28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to mail a copy of this Order to the custodian of inmate trust accounts at the Northeast Correctional Complex in Mountain City, Tennessee, where the plaintiff is now housed.  [Doc. 7].  This will ensure compliance with the assessment procedures outlined herein.

The Court must now screen the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2) and § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997).

In the "Relief" paragraph of the complaint—the section of the pleading designed to contain a brief description of the remedies being sought—plaintiff writes: "Send me to a facility where I can get medical treatment for sholder (sic) & neck pain & staff (sic) infection[.]  I think it has got in my blood stream[.]  I had a fever for 4 days[.]" [Doc. 3, Compl. at 4].  The "Statement of Claims" paragraph, where a plaintiff is supposed to lay out the facts underlying his claims, is blank.

---

[1] Payments should be mailed to:  Clerk's Office, USDC
220 West Depot Street, Ste. 200
Greeneville, TN 37743.

Since there are no express allegations of fact to subject to the screening process, the Court turns to plaintiff's requested remedy, which is a transfer to another facility where he can obtain medical treatment for his claimed ailments. However, there is a problem with this request. A prisoner's request for injunctive or declaratory relief against jail officials cannot be granted once he is transferred from the correctional institution of which he complains to a different facility. *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Plaintiff has notified the Court that he has been transferred to the NECX [Doc. 7]; thus, his claims for injunctive relief with respect to the CCDC have become **MOOT**.

Since the only remedy sought in this case is injunctive relief, the entire case has become **MOOT** and will be **DISMISSED** in its entirety on this basis.

A separate order will enter.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

3

Case 2:07-cv-00268   Document 8   Filed 09/01/09   Page 3 of 3   PageID #: 9